10-4718-ag
Chen v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand twelve.

PRESENT:
         DENNIS JACOBS,
              *Chief Judge,*
         JON O. NEWMAN,
         PIERRE N. LEVAL,
              *Circuit Judges.*

———————————————————————————

MING SHENG ZHU v. HOLDER,                     10-4432-ag
A079 673 541

———————————————————————————

BEN CHEN v. HOLDER,                           10-4718-ag
A072 473 754

———————————————————————————

EN CHEN, AKA YIN CHEN v. HOLDER,              10-4742-ag
A077 309 013

———————————————————————————

SAI YING CHEN v. HOLDER,                      10-4997-ag
A098 775 949

———————————————————————————

**ZU HUA LIU v. HOLDER,**　　　　　　　　　　　　　　**10-5151-ag**
**A077 297 009**

_____

**NAI YU JIANG v. HOLDER,**　　　　　　　　　　　　**10-5154-ag**
**A078 745 496**

_____

**WANG ZHANG, AKA WANG ZHENG v. HOLDER,**　　**11-443-ag**
**A072 455 620**

_____

**CHANG LONG UO,**
**AKA CHANG-LONG OU v. HOLDER,**　　　　　　　**11-464-ag**
**A076 505 684**

_____

**WAN PING LIN, YAN QING ZHU v. HOLDER,**　　**11-1638-ag**
**A070 892 381**
**A070 868 369**

_____

**QING YOU CHEN v. HOLDER,**　　　　　　　　　　**11-1961-ag**
**A073 173 328**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen. The applicable standards of review are well-established. _See Jian Hui Shao v. Mukasey_, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claims that they fear persecution because they have had one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's decisions. *See id.* at 158-72.

Although the BIA may err in rejecting family planning notices, such as those submitted in some of these cases, solely based on a failure to authenticate pursuant to 8 C.F.R. § 1287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), it does not abuse its discretion in according diminished weight to notices that have not been authenticated by any means, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006). Regardless, remand to the BIA for consideration of the family planning notices would be futile because the notices merely referenced the family planning policy's mandatory sterilization requirement without any indication that such sterilizations are performed by force. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile when the Court can confidently

02272012-11-20

"predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)); *see also Jian Hui Shao*, 546 F.3d at 165, 172.

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
